UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

KIRK  A. SWANSON,                                         : No. 15 Civ. 06938
                                                          :
                    Plaintiff,                            : **ANSWER WITH**
                                                          : **AFFIRMATIVE DEFENSES**
          -against-                                       :
                                                          :
BATTERY PARK CITY AUTHORITY, and                          :
SHARI HYMAN,                                              :
                                                          :
                    Defendants.                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendants Battery Park City Authority ("BPCA") and Shari Hyman ("Hyman"), by their

attorneys Vandenberg & Feliu, LLP, as and for their Answer with Affirmative Defenses to the

First and Second Claims for Relief set forth in the Amended Complaint, state as follows.

### ANSWERING ALLEGATIONS AS TO THE NATURE OF THE ACTION AND PRELIMINARY STATEMENTS

1.      Deny the allegations set forth in paragraph 1 of the Amended Complaint, except

admit that Plaintiff purports to bring this action as an action for retaliation in violation of Title

VII of the Civil Rights Act of 1964, the New York City Human Rights Law, and the New York

False Claims Act.

2.      Deny the allegations set forth in paragraph 2 of the Amended Complaint, except

admit that Plaintiff Kirk A. Swanson ("Plaintiff" or "Swanson") was employed by the Battery

Park City Authority from in or about November 2012 to May 2014, and held various titles and

positions during that time, including Chief Contracting Officer.

3.      Deny the allegations set forth in paragraph 3 of the Amended Complaint, except

deny knowledge and information sufficient to form a belief as to what Plaintiff purportedly

learned regarding an alleged complaint of sexual harassment.

4.      Deny the allegations set forth in paragraph 4 of the Amended Complaint.

5.      Paragraph 5 of the Amended Complaint sets forth allegations with respect to Plaintiff's Third Claim for Relief pursuant to the New York False Claims Act ("NYFCA"), which is the subject of Defendants' pending Partial Motion to Dismiss.  Accordingly, no responsive pleading is required.

6.      Admit that Plaintiff was given thirty (30) days' notice of his termination of employment on April 11, 2014.  Further answering, the remainder of paragraph 6 of the Amended Complaint sets forth allegations with respect to Plaintiff's Third Claim for Relief pursuant to NYFCA, which is the subject of Defendants' pending Partial Motion to Dismiss. Accordingly, no responsive pleading is required to that portion of paragraph 6.

## ANSWERING ALLEGATIONS AS TO THE PARTIES

7.      Deny knowledge and information sufficient a form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint

8.      Deny the allegations set forth in paragraph 8 of the Amended Complaint, except admit that Defendant Battery Park City Authority is a public authority organized and existing under the Public Authority Law of the State of New York, and that Battery Park City Authority has its principle place of business in New York, New York.

9.      Deny the allegations set forth in paragraph 9 of the Amended Complaint, except admit that Hyman is President and Chief Operating Officer of BPCA.

## ANSWERING ALLEGATIONS AS TO JURISDICTION AND VENUE

10.     Admit the allegations set forth in paragraph 10 of the Amended Complaint.

## ANSWERING ALLEGATIONS AS TO THE FACTS

11.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint.

12.     Deny the allegations set forth in paragraph 12 of the Amended Complaint, except admit that Plaintiff was hired by Battery Park City Authority in or about November 2012 as Deputy Chief Administrative Officer, and during his employment he held other titles, including Internal Controls Officer, Chief Contracting Officer and Chief Administrative Officer.

13.     Deny the allegations set forth in paragraph 13 of the Amended Complaint, except admit that during his employment Plaintiff also held the title of Vice President of Administration while retaining the titles of Chief Contracting Officer and Internal Controls Officer.

14.     Deny the allegations set forth in paragraph 14 of the Amended Complaint.

15.     Deny the allegations set forth in paragraph 15 of the Amended Complaint.

16.     Deny the allegations set forth in paragraph 16 of the Amended Complaint concerning allegations of sexual harassment, which relate to the First and Second Claims for Relief.  Further answering paragraph 16, the allegations concerning "fraudulent contracting practices" relate to Plaintiff's Third Claim for Relief pursuant to NYFCA, which is the subject of Defendants' pending Partial Motion to Dismiss.  Accordingly, no responsive pleading is required to that portion of paragraph 16.

17.     Deny the allegations set forth in paragraph 17 of the Amended Complaint, except deny knowledge and information as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint with respect to what Plaintiff purportedly "learned" concerning an alleged incident involving other BPCA employees.

18.     Deny the allegations set forth in paragraph 18 of the Amended Complaint.

19.     Deny the allegations set forth in paragraph 19 of the Amended Complaint.

20.      Deny the allegations set forth in paragraph 20 of the Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations with

3

respect to what Plaintiff purportedly learned about alleged closed door meetings concerning revisions to the BPCA Employee Handbook.

21.     Deny the allegations set forth in paragraph 21 of the Amended Complaint.

22.     Deny the allegations set forth in paragraph 22 in the Amended Complaint.

23.     Deny the allegations set forth in paragraph 23 of the Amended Complaint.

24.     Deny the allegations set forth in paragraph 24 of the Amended Complaint.

25.     Deny the allegations set forth in paragraph 25 of the Amended Complaint, except admit that on April 11, 2014 Plaintiff was given thirty (30) days' notice of his termination of employment.

26.     Paragraph 26 of the Amended Complaint sets forth allegations which are the subject of Defendants' pending Partial Motion to Dismiss.  Accordingly, no responsive pleading is required.

27.     Paragraph 27 of the Amended Complaint sets forth allegations which are the subject of Defendants' pending Partial Motion to Dismiss.  Accordingly, no responsive pleading is required.

28.     Paragraph 28 of the Amended Complaint sets forth allegations which are the subject of Defendants' pending Partial Motion to Dismiss.  Accordingly, no responsive pleading is required.

29.     Paragraph 29 of the Amended Complaint sets forth allegations which are the subject of Defendants' pending Partial Motion to Dismiss.  Accordingly, no responsive pleading is required.

30.     Paragraph 30 of the Amended Complaint sets forth allegations which are the subject of Defendants' pending Partial Motion to Dismiss.  Accordingly, no responsive pleading is required.

31.     Paragraph 31 of the Amended Complaint sets forth allegations which are the subject of Defendants' pending Partial Motion to Dismiss.  Accordingly, no responsive pleading is required.

32.     Paragraph 32 of the Amended Complaint sets forth allegations which are the subject of Defendants' pending Partial Motion to Dismiss.  Accordingly, no responsive pleading is required.

33.     Paragraph 33 of the Amended Complaint sets forth allegations which are the subject of Defendants' pending Partial Motion to Dismiss.  Accordingly, no responsive pleading is required.

34.     Paragraph 34 of the Amended Complaint sets forth allegations which are the subject of Defendants' pending Partial Motion to Dismiss.  Accordingly, no responsive pleading is required.

35.     Paragraph 35 of the Amended Complaint sets forth allegations which are the subject of Defendants' pending Motion to Dismiss.  Accordingly, no responsive pleading is required.

36.     Paragraph 36 of the Amended Complaint sets forth allegations which are the subject of Defendants' pending Partial Motion to Dismiss.  Accordingly, no responsive pleading is required.

37.     Deny the allegations set forth in paragraph 37 of the Amended Complaint, except admit that Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, and to refer to that Charge for its full and complete terms.

38.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Amended Complaint, except admit that Plaintiff's Charge of Discrimination was transferred for processing to the United States Department of Justice, Civil Rights Division.

39.     Admit the allegations set forth in paragraph 39 of the Amended Complaint, and affirmatively allege that the right to sue letter issued by the Civil Rights Division was a pre-determination letter that was issued without the initiation of an investigation into the merits of the allegations set forth in the Charge of Discrimination, and prior to the submission of a position statement by BPCA.

### ANSWERING THE FIRST CLAIM FOR RELIEF

40.     In response to paragraph 40 of the Amended Complaint, Defendants repeat and restate each and every response to paragraphs 1 through 39 as if fully set forth herein.

41.     Deny the allegations set forth in paragraph 41 of the Amended Complaint.

### ANSWERING THE SECOND CLAIM FOR RELIEF

42.     In response to paragraph 42 of the Amended Complaint, Defendants repeat and restate each and every response to the allegations set forth in paragraph 1 through 41 as if fully set forth herein.

43.     Deny the allegations set forth in paragraph 43 of the Amended Complaint

## ANSWERING THE THIRD CLAIM FOR RELIEF

44.     In response to paragraph 44 of the Amended Complaint, Defendants repeat and restate each and every response to the allegations set forth in paragraphs 1 through 43 as if fully set forth herein.

45.     Paragraph 45 of the Amended Complaint sets forth allegations which are the subjects of Defendants' pending Partial Motion to Dismiss.  Accordingly, no responsive pleading is required.  To the extent a responsive pleading is required, the allegations are denied.

## ANSWERING ALLEGATIONS AS TO THE JURY DEMAND

46.     Defendants deny the Plaintiff is entitled to a trial by jury on those claims to which he is not entitled to a trial by jury as a matter of right.

## ANSWERING THE WHEREFORE CLAUSE

47.     Deny that Plaintiff is entitled to the relief requested in the wherefore clause and subparagraphs 1 through 7 thereunder.

## DEFENSES

## AS AND FOR A FIRST DEFENSE

48.     The Amended Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted or for which damages sought may be awarded.

## AS AND FOR A SECOND DEFENSE

49.     One or more of the Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations or administrative filing periods, and/or by Plaintiff's failure to satisfy administrative, statutory, procedural and/or jurisdictional remedies or prerequisites for bringing suit, and/or laches.

## AS AND FOR A THIRD DEFENSE

50.     The claims of Plaintiff are barred, in whole or in part, by the doctrines of unclean

hands, waiver and/or estoppel.

## AS AND FOR A FOURTH DEFENSE

51.     Plaintiff's claims are barred because at all relevant times Defendants have acted in good faith toward Plaintiff, and any actions taken toward Plaintiff were for legitimate, non-discriminatory business reasons.

## AS AND FOR A FIFTH DEFENSE

52.     Assuming, *arguendo,* that an impermissible consideration may have affected any decision regarding the Plaintiff (which Defendants emphatically deny), the employment decisions about which Plaintiff complains would have been taken in any event for legitimate, non-discriminatory reasons.

## AS AND FOR A SIXTH DEFENSE

**53.**     At all relevant times hereto, including prior to the allegations that form the basis of Plaintiff's claims, Defendants exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of such preventative and/or corrective measures or to avoid harm otherwise.

## AS AND FOR A SEVENTH DEFENSE

54.     Defendants' liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the New York City Human Rights Law.

## AS AND FOR AN EIGHTH DEFENSE

55.     Plaintiff is not entitled to recover any punitive damages as Defendants did not commit, ratify, authorize, or acquiesce in any malicious, willful, or reckless act.

## AS AND FOR A NINTH DEFENSE

56.     Plaintiff's monetary claims are barred in whole or in part by his failure to mitigate

or avoid his alleged damages.

## AS AND FOR A TENTH DEFENSE

57.    To the extent that Plaintiff suffered damages as alleged, such damages were caused or contributed to by Plaintiff's own actions or actions of others over whom Defendants exercised no control.

## AS AND FOR AN ELEVENTH DEFENSE

58.    Plaintiff's claims for damages based upon emotional, mental or physical injuries, are barred by the exclusivity provisions of the applicable workers' compensation laws.

## AS AND FOR A TWELFTH DEFENSE

59.    Plaintiff's claims under Title VII are barred, in whole or in part, for failure to exhaust all administrative remedies with respect to the claims raised or facts asserted, and/or the parties against whom the claims raised herein have been asserted.

## AS AND FOR A THIRTEENTH DEFENSE

60.    Plaintiff's claims under Title VII are barred to the extent that they could not be reasonably expected to grow out of the EEOC's investigation into the charge of discrimination filed by Plaintiff in or about January 2015.

## AS AND FOR A RESERVATION OF RIGHTS

61.    Defendants reserve the right to amend this Answer and to assert additional defenses and/or to supplement, alter, or change their Answer and Affirmative Defenses upon completion of appropriate investigation and discovery.

**WHEREFORE,** Defendants respectfully requests that the Court:

a.  enter judgment dismissing the Amended Complaint in its entirety and with prejudice;

b.   deny each and every prayer for relief contained in the Amended Complaint;

c.   award to Defendants their reasonable attorneys' fees and legal expenses;

d.   award to Defendants their costs and disbursements incurred in defense of this
     action; and

e.   grant to Defendants such other relief as the Court may deem just and proper.

Dated:  New York, New York
        November 24, 2015

                                            VANDENBERG & FELIU, LLP


                                            By:  /s/ Christopher A. D'Angelo
                                                 Christopher A. D'Angelo
                                            60 East 42nd Street, 51st Floor
                                            New York, New York 10165
                                            (212) 763-6800
                                            *Attorneys for Defendants*
                                            Email: cdangelo@vanfeliu.com